*J. H. & Emmett Skelton,* contra.

---

15070. CARSON *v.* BLAIR, administrator.

STEPHENS, J. 1. That an intestate has no heirs at law and that the estate should escheat to the State will not, if the estate is indebted, dispense with the necessity of the appointment of an administrator, as in ordinary cases provided; and it is not necessary that the appointment of such administrator be with the consent of the State.

2. A creditor may, in the absence of an application by the next of kin, be appointed administrator. Where a creditor of the estate makes application for appointment as administrator, a caveat to the application, filed by another claiming to be a creditor of the estate, who does not ask for appointment himself, is without merit and cannot be sustained, where upon the trial it appears conclusively from the evidence that the caveator is not a creditor and is not otherwise entitled to administer upon the estate. In this case the direction of a verdict against the caveator and in favor of the applicant was not error.

3. An allegation in the caveat that the alleged intestate had left a valid will and had not died intestate, and that therefore no administrator could be appointed, is not sustained without proof of the probate of the alleged will.

4. Under the above rulings the trial court did not err in passing upon the relevancy of certain testimony and in directing a verdict against the caveator.

5. The trial judge did not err in refusing a continuance upon the ground

of the illness of the caveator, since it appears that none of the grounds of the caveat would have been aided by any possible testimony of the caveator, and it does not appear that the caveator's presence in court was necessary.  Civil Code (1910), § 5717.

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 1, 1924.

Appeal; from Cobb superior court—Judge Humphries.  September 14, 1923.

*W. A. James,* for plaintiff in error.

*L. M. Blair, Anderson & Roberts,* contra.