34914. HENDERSON, by next friend, *v.* HARRIS *et al.*

CARLISLE, J. An alleged majority of the creditors of the estate of a certain minor ward applied to the court of ordinary to appoint an administrator *de bonis non* of the estate. From their petition it appears that on the death of the minor ward, his guardian became administrator of the estate by virtue of the provisions of Code § 49-316; that a third person, claiming to be sole legatee of the minor ward under an allegedly lost will, applied to the court of ordinary to establish and probate the lost will; that the guardian-administrator interposed a caveat to that proceeding, which is still pending on appeal to the superior court; that the guardian-administrator also has pending an application to the court of ordinary to sell the real and personal property of the deceased minor; and that the guardian-administrator has died before being discharged as administrator, and has left the estate of the minor ward unadministered. To the application by the creditors to have an administrator *de bonis non* appointed, the person claiming to be sole legatee under the minor ward's allegedly lost will interposed her caveat, from which it appears that an administrator *devisavit vel non* of the estate of the deceased minor has been appointed and qualified. By consent of the

parties the application for the appointment of an administrator *de bonis non* was appealed to the superior court. In the superior court the caveatrix made an oral motion to dismiss the application of the creditors as showing on its face that no administrator could be appointed permanently pending the determination of the issue of *devisavit vel non.* The court overruled the motion, and the caveatrix assigns error thereon. Upon motion of the creditors that the caveatrix had no such interest in the estate as to authorize her to file a caveat to their proceeding, the superior court dismissed the caveat, and the caveatrix assigns error thereon. Following the dismissal of the caveat, the superior court appointed one of the creditors, selected in open court by one of the creditors and the attorney of record for the creditors, as permanent administrator of the estate of the deceased minor, and the caveatrix assigns error thereon.

While temporary letters of administration may be granted pending an issue of *devisavit vel non* (Code § 113-1208), the rules set forth in Code § 113-1202 must be observed in making any such appointment. By subsection 8 of § 113-1202, it is provided that "no person who is neither of kin to the intestate nor a creditor, nor otherwise interested in the grant of administration, except in the cases before provided, shall be appointed" administrator of an estate. The caveatrix does not in her caveat bring herself within any of the cases provided for by Code § 113-1202. Her allegation that she is the sole beneficiary under the allegedly lost will does not establish her interest in the deceased minor's estate. To do so the will must have been probated, which it has not. *Carson* v. *Blair,* 32 *Ga. App.* 728 (124 S. E. 808); Redfearn, Wills, Administration of Estates, Guardians and Wards, Georgia (Rev. ed.), 153, § 108. The superior court did not err, therefore, in dismissing her caveat on motion of the creditors; and under this ruling, the other assignments of error are moot.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided December 1, 1953—Rehearing denied December 15, 1953.

*Y. A. Henderson, Maddox & Maddox,* for plaintiff in error.
*Gene Holcombe, R. F. Chance,* contra.